**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DONALD WARREN PAUL BILLIOT, JR.**                    **CIVIL ACTION**

**VERSUS**                                                               **NO. 21-1886**

**CONSTITUTIONS**                                               **SECTION: "D"(5)**

<u>**REPORT AND RECOMMENDATION**</u>

In October 2021, Donald Warren Paul Billiot, Jr. filed this *pro se* civil complaint pursuant to 42 U.S.C. § 1983.    He is currently housed at the Beauregard Parish - Southwest Transitional Workforce Program in DeQuincy, Louisiana.    He claims that the deprivation of his personal property and legal papers deprived him of his constitutional rights.    He requests injunctive relief.    (Rec. doc. 1, Deficient Complaint).

Upon filing, the Clerk's Office notified Billiot that the complaint was deficient because it was not on the proper form and he had not paid the required filing fee or submitted an application to proceed *in forma pauperis*.    The record indicates that the Clerk mailed this notice, along with the proper forms, to Billiot at the address he provided on his complaint and gave him twenty-one days to comply.    (Rec. doc. 2).    He failed to respond to that deficiency notice.

The authority of a federal court to dismiss a plaintiff's action because of failure to prosecute is clear.    The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.    Fed. R. Civ. P.

41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).    The Court's power to

dismiss for want of prosecution should be used sparingly, although it may be exercised *sua*

*sponte* when necessary to achieve the orderly and expeditious disposition of cases.    *See*

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962);

*McCullough*, 835 F.2d at 1127; *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir.1976).    A *pro se*

litigant is not exempt from compliance with relevant rules of procedural and substantive law.

*Grandpre v. Normand*, Civ. Action No. 16-1541, 2018 WL 691650 (E.D. La. Feb. 2, 2018)

(citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Furthermore, the complaint was filed in an improper venue.[1]    28 U.S.C. § 1391(b).

Billiot is currently confined in Beauregard Parish which is located within the geographical

boundaries of the Western District of Louisiana.    The events or omissions about which he

complains did not occur within the Eastern District of Louisiana.    A claim asserted in a

court of improper venue may either be dismissed or, in the interest of justice, transferred to

a court of proper venue.    28 U.S.C. § 1406(a).    Because Billiot has not corrected the

deficiencies surrounding his complaint or submitted either the required filing fee or a

---

[1] Section 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

completed pauper application, in order to move his case forward, the Court finds dismissal at this juncture appropriate.

<u>**RECOMMENDATION**</u>

For the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and otherwise being filed in an improper venue.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.    *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this   7th   day of _____December_____, 2021.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.